Turgrimson v. J. P. Seeburg Piano Co., 192 Ill. App. 512.

---

### Charles Turgrimson, Defendant in Error, v. J. P. Seeburg Piano Company, Plaintiff in Error.

### Gen. No. 20,569.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915.

### Statement of the Case.

Replevin suit, joining count in trover, by Charles Turgrimson against J. P. Seeburg Piano Company, a corporation, defendant.

The facts were as follows: One Manusos purchased a piano from defendant and gave back a purchase

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

price chattel mortgage thereon, which he signed and authorized one Lawson to acknowledge. The acknowledgment was made by Lawson and the mortgage was filed for record April 27, 1912. On February 14, 1914, Manusos executed another mortgage on the piano to plaintiff, which was recorded the same day. Under the powers contained in the first mortgage, defendant secured possession of the piano on a replevin writ sued out of the Municipal Court, March 17, 1914. On the following day, plaintiff made a demand on defendant for possession of the piano, which was refused, and thereupon he brought a replevin suit for the piano, joining therein a count in trover. On the hearing a witness for defendant fixed the value of the piano at $300.

Evidence was also offered to show that the loan which was secured by plaintiff's mortgage was tainted with usury, but was excluded.

To reverse a judgment for plaintiff for three hundred dollars on a verdict directed by the court, defendant prosecutes this writ of error.

GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for plaintiff in error.

CHARLES R. NAPIER and CHARLES S. McILVAINE, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1.  CHATTEL MORTGAGES, § 54*—*when acknowledgment of invalid.* The acknowledgment by a third person of a chattel mortgage signed by the owner of the property is invalid, and such a mortgage is inadmissible in evidence in a replevin suit in which the claim to possession is based on the mortgage.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.  USURY, § 38*—*when chattel mortgage not invalidated by usury in loan for which security.* The fact that the loan which a chattel mortgage secures is tainted with usury does not render the mortgage invalid.

3.  APPEAL AND ERROR, § 1487*—*when refusal to submit question of good faith in executing second mortgage not error.* In suit by a chattel mortgagee to replevy the mortgaged property from one who had replevied the property under another mortgage, it is not error to refuse to submit to the jury the question whether plaintiff's mortgage was executed in good faith, where the evidence relative thereto merely tends to show that the loan secured by plaintiff's mortgage was tainted with usury.